UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| DARRYL JOHNSON | CIVIL ACTION NO. 3:05-1479 |
| versus | JUDGE JAMES |
| COCA-COLA ENTERPRISES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is Defendant's **Motion to Compel Discovery (Doc. 17)**. The motion presents two issues: (1) whether Defendant is entitled to a "medical authorization" signed by Plaintiff in order to obtain Plaintiff's medical records; and (2) whether Defendant is entitled to documentation and information from Plaintiff regarding Plaintiff's receipt of unemployment compensation benefits following the termination of Plaintiff's employment by Defendant.

**Medical Authorization**

Plaintiff argues that a signed medical authorization is not appropriate in this case because Plaintiff has not identified any doctors or other health care professionals who have rendered any "treatment" to Plaintiff. Plaintiff argues that the only possible place to which Defendant could send the medical records release is St. Francis Medical Center where Plaintiff had surgery for hemorrhoids in 2001.

Plaintiff's complaint alleges that he suffered mental anguish, emotional distress, anxiety, depression and embarrassment. Complaint, ¶ 10. Therefore, medical records of

Plaintiff, if any exist, are relevant to Plaintiff's claims. Plaintiff denies receiving any treatment following termination of his employment. However, when Plaintiff was asked in his deposition whether he had seen a doctor, psychiatrist, psychologist, therapist or counselor, Plaintiff responded, "Before or after?" Deposition of Plaintiff, p. 99. Counsel for Defendant then clarified his question to mean *after* Plaintiff's termination from Defendant. In response to the question, as modified, Plaintiff responded that he had not. Id. Plaintiff's initial "before or after" response creates an inference that Plaintiff may have sought such treatment before the termination.

Even if Plaintiff's response to the question in his deposition did not create the inference that he may have sought treatment before his termination, a medical authorization would still be appropriate in this case. In Interrogatory No. 6, Defendant asked whether Plaintiff had been admitted to any hospital *or* been under the care of any health care provider in the past 10 years. Plaintiff responded only with the information regarding his hemorrhoid surgery at St. Francis. Plaintiff did not affirmatively state in his response that he had not seen any other doctors.

Plaintiff's responses to Defendant's Requests for Production confirm that Plaintiff does not have any medical records in his possession and that he is not aware of any medical records pertaining to his claims in this lawsuit. See Plaintiff's Responses 1, 18 and 19 to Defendant's Requests for Production. It is not unusual, however, for parties to forget about some of their trips to a doctor. Given Plaintiff's allegations regarding the mental injuries he

sustained, it is appropriate for Defendant to demand execution of a medical records release.

**Unemployment Compensation Benefits**

Plaintiff argues that Defendant already is in possession of Plaintiff's unemployment compensation information and, therefore, it is unnecessary for Plaintiff to produce that information to Defendant. The court has reviewed the relevant portions of Plaintiff's deposition, and the court believes that Plaintiff should be ordered to produce any information in his possession, custody or control regarding his receipt of unemployment compensation benefits. His receipt of those benefits is relevant to the issues in this case, and the fact that Defendant may have *some* of the information already (from tax returns or other sources) does not justify Plaintiff's withholding of the information available to him. Defendant is entitled to verify the information in Defendant's possession and compare that information to any information produced by Plaintiff.

Accordingly, for the above reasons, Defendant's Motion to Compel is **granted.** However, the court finds that Plaintiff opposed production of the information in good faith and, therefore, the court declines to award Defendant any attorney's fees or expenses in connection with the motion.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 9th day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE