RECEIVED
JUN 0 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| DARRYL JOHNSON | CIVIL ACTION NO. 3:05-1479 |
| versus | DISTRICT JUDGE JAMES |
| COCA-COLA ENTERPRISES, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is Plaintiff's **Motion to Compel Discovery (Doc. 28)**. Plaintiff argues that Defendant has refused to respond adequately and fully to Plaintiff's Interrogatories and Requests for Production of Documents seeking personnel files of Plaintiff and others and information regarding other litigation or complaints of discrimination. Defendant's response (Doc. 31) argues that Plaintiff's motion should be denied because Plaintiff failed to comply with Local Rule 37.1W which requires counsel to confer in person or by telephone to attempt to resolve discovery issues before filing a motion to compel. Defendant also argues that the information and documentation sought by Plaintiff is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome. Defendant also notes that it already has produced Plaintiff's personnel file in discovery. Plaintiff's reply brief (Doc. 32) responds to Defendant's substantive arguments, but does not address Defendant's argument that Plaintiff failed to comply with Local Rule 37.1W.

Local Rule 37.1W provides:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred *in person or by telephone* for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference. A proposed order shall accompany each motion filed under this paragraph. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper. [Italics added.]

See also Fed. R. Civ. P. 37(a)(2)(B)("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.").

The certificate of consultation (Doc. 28) filed by Plaintiff in connection with his motion to compel does not comply with Local Rule 37.1W. Instead, counsel certifies that "Counsel for Defendant was contacted, in writing," concerning Plaintiff's filing of the motion to compel. The unambiguous provisions of Local Rule 37.1W require contact in person or by telephone prior to filing any motion relative to discovery. Plaintiff's counsel's attempt to comply with the local rule by the exchange of written correspondence is not sufficient. At least one other court that has addressed this issue under a substantially similar local rule has specifically held that an exchange of letters does not comply with the local rule's requirements. Bayou Steel Corp. v. Danieli Corp., 2001 WL 456349 (E. D. La. 2001). See also Hawkins v. Jones, 2002 WL 246561 (E. D. La. 2002).

The circumstances in this case exemplify the reason for the local rule. Plaintiff alleges in his reply that when Defendant filed its response to Plaintiff's Motion to Compel, Defendant sent to Plaintiff some of the documentation in dispute, namely, the personnel files of John Baker and Chad Tannehill. Doc. 32, p.2. Had counsel complied with the local rules of this court and conferred with opposing counsel by telephone, it is likely that this issue (as well as some of the other issues) could have been avoided. Indeed, another issue presented in the motion to compel is whether the requested information is properly limited in time and scope. Plaintiff's reply states that the information requested "is clearly limited to the Monroe facility as set forth in the instructions and limited from January 1, 2000 until today." Reply, page 2. Again, a simple telephone call between counsel likely would have resolved that issue without the need for court intervention.

The undersigned recognizes that opposing counsel may refuse to participate in a Rule 37.1 discovery conference, or, if counsel participates in the conference, he or she may refuse to participate in good faith. Rule 37.1, however, provides for those contingencies, and the court is authorized to "impose such sanctions as it deems proper." In those rare cases, the certificate of counsel should explain in reasonable detail the attempts made to confer by telephone or in person and set forth the circumstances regarding opposing counsel's refusal to participate or his or her refusal to participate in good faith. But when counsel makes no effort to attempt to confer in person or by telephone in an attempt to resolve the issues presented in the motion, there has been no compliance with Rule 37.1W, and the discovery

motion is not properly before the court. If the court were to nonetheless address the merits of the discovery motion, noncompliance with the local rule would have no consequences, and the local rule would serve only as a suggestion that counsel would be free to ignore.

For the above reasons, Plaintiff's **Motion to Compel Discovery (Doc. 28) is denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE